UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY RIVARD,              ) | |
|                                              ) | |
|           *Plaintiff*             ) | |
|                                              ) | |
| v.                                        ) | No. *2:21-cv-00177-GZS* |
|                                              ) | |
| JANET MILLS, GOVERNOR ) | |
| OF MAINE, et al.,              ) | |
|                                              ) | |
|           *Defendants*         ) | |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE

Plaintiff Jeffrey Rivard, who seeks leave to proceed *in forma pauperis*, *see* Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 4), sues the State of Maine – specifically, Maine Governor Janet Mills – and the Maine Supreme Judicial Court ("Law Court") in connection with the Law Court's refusal to vacate his 2006 conviction in the Portland District Court for driving with a suspended license and remove that record from the National Driver Register, *see* Complaint for a Civil Case ("Complaint") (ECF No. 1) at Page ID # 6; Additional Attachments re: Complaint ("Supplement to Complaint") (ECF No. 7).  For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction and deem moot the plaintiff's Request for Hearing re: Discovery Dispute Pursuant to Local Rule 26(b) ("Discovery Hearing Request") (ECF No. 3).

1

### I. Application to Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that, (i) in the past 12 months, he has received 50 cents from a business, profession, or other self-employment and an unspecified amount in disability or workers' compensation payments, (ii) he has $4.91 in cash or a checking or savings account and possibly $1.00 in an online micro brokerage account, and (iii) his "check is gone" when he gets it because his wife, as his payee, applies it to "utilities[,] rent[,] food[,] car loans etc." IFP Appl. The plaintiff adds that he contributes about $100 a month to the support of three dependents and has a Target credit card debt. *See id.* The plaintiff neglects to provide either the sum of the income he received in the past 12 months in disability or workers' compensation payments or the sum of his expenses. *See id.* However, I take judicial notice that in an IFP application dated May 9, 2021, filed in a different case less than two months before the current June 25, 2021, IFP application, he reported total income in the past 12 months of $900 from disability or workers' compensation payments and regular monthly expenses of about $1,300. *See* ECF No. 4, *Rivard v. Sineni*, No. 2:21-cv-00130-GZS (D. Me., *filed* June 25, 2021). I, therefore, find that his financial circumstances entitle him to proceed *in forma pauperis*.

### II. Section 1915(e)(2)(B) Review

#### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a

2

claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

case may proceed.  In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  In this regard, a *pro se* plaintiff's complaint must be read liberally.  *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B.  Factual Background

The plaintiff sues Maine Governor Janet Mills and the Law Court, challenging the Law Court's 2020 refusal, on the basis of untimeliness, to vacate his 2006 conviction for driving with a suspended license or remove that record from the National Driver Register.  *See* Complaint at Page ID ## 6, 10.  He adds that "Maine courts" should have redressed overpayments he made in child support retroactive to 2004, alleging that a 2006 award by the Social Security Administration of Supplemental Security Income "should have ended child support obligations back to 2004[.]" *Id*. at Page ID ## 7, 9-10.

The plaintiff seeks the "[r]eturn of payments to Portland court in [this] matter." *Id*. at Page ID # 6; *see also id*. at Page ID # 10 ("I definitely want the payments to the Court in Portland returned.").[2]

The plaintiff describes the bases for this court's jurisdiction over his claim as the 1996 Welfare Reform Act, Article III of the U.S. Constitution, the Fifth and Fourteenth amendments to the U.S. Constitution, and *James v. Strange*, 407 U.S. 128 (1972).  *See id*. at Page ID # 5.  Nonetheless, for the reasons discussed below, this court has no jurisdiction to hear these claims.

---

[2] On July 27, 2021, the plaintiff supplemented his complaint with a filing consisting of a copy of a letter he received from the Maine Department of Health and Human Services, Office for Family Independence, Division of Support Enforcement and Recovery dated July 14, 2021, and a handwritten "motion for review."  *See* Supplement to Complaint.  Nothing therein calls into question my conclusion that this court lacks jurisdiction to hear this case or my recommendation that the case be dismissed on that basis.

## C. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

The plaintiff seeks to overturn, and receive a monetary award for, assertedly wrongful decisions of the Maine state courts, including the Law Court. Yet, this court has no jurisdiction to review the final judgments and decisions of state courts. *See, e.g., Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*per curiam*) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state court judgments rendered before the [federal] district court proceedings commenced.'") (citation omitted); *Klimowicz v. Deutsche Bank Nat'l Tr. Co*., 907 F.3d 61, 66 (1st Cir. 2018) (in applying *Rooker-Feldman* doctrine, "the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment").

Because this federal suit plainly "is, in effect, an end-run around a final state-court judgment," *Klimowicz*, 907 F.3d at 66, this court has no jurisdiction to proceed.[3]

## III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction to entertain it and **DEEM** his Discovery Hearing Request **MOOT**.

---

[3] The case cited by the plaintiff in support of the court's jurisdiction in this matter is materially distinguishable in that it involved an appeal of a ruling of a lower federal court to the U.S. Supreme Court, not an appeal of a final judgment of a state court to a lower federal court. *See Strange*, 407 U.S. at 128-29.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge